IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JUDITH JOHNSON**, <br><br> Plaintiff, <br><br> v. <br><br> **LIFE INSURANCE COMPANY OF NORTH AMERICA, NOVACARE REHABILITATION** *Division of Select Medical Corporation,* **MILTON KLEIN** *D.O.,* **CIGNA CORPORATION,** <br><br> Defendants. | CIVIL ACTION NO. 12-498 |

## **OPINION**

CONTI, Chief District Judge

### I. Introduction

Pending before the court is a motion for relief from judgment, pursuant to Federal Rule of Civil Procedure 60, filed by plaintiff Judith Johnson ("plaintiff" or "Johnson") against defendants NovaCare Rehabilitation ("NovaCare") and Milton Klein ("Klein," and together with NovaCare, "defendants"). (ECF No. 51.)

### II. Procedural History

On January 17, 2012, Johnson initiated this action by filing a Praecipe for Writ of Summons in the Court of Common Pleas of Allegheny County against Life Insurance Company of North America ("Lina"), NovaCare, Klein, and Cigna Corporation ("Cigna"). (ECF No. 51 at 1.) On March 12, 2012, Johnson filed her complaint with the Court of Common Pleas of Allegheny County, asserting causes of action for breach of an insurance contract, bad faith on the part of an insurer under 42 PA. CONS. STAT. § 8371, professional negligence, and civil conspiracy. (ECF No. 51 at 1.) On April 16, 2012, Cigna filed a notice of removal from the

Court of Common Pleas of Allegheny County to this court. (ECF No. 1.)

In Johnson's professional negligence claim, she alleges NovaCare and Klein "acted improperly and wrongfully, and violated" the applicable medical professional standards of care. (ECF No. 1-2 ¶¶ 77-78.) Pursuant to Pennsylvania Rule of Civil Procedure 1042.3(a), when a plaintiff alleges "that a licensed professional deviated from an acceptable professional standard," the plaintiff's attorney within sixty days of filing the complaint shall file "a certificate of merit signed by the attorney or party that either"

> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
> ...
> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
> …
> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

PA. R. CIV. P. 1042.3(a). Accordingly, plaintiff's attorney pursuant to Rule 1042.3(a) was required to file certificates of merit with the court with respect to Klein and NovaCare within sixty days of the filing of the complaint.

On May 14, 2012, plaintiff filed a motion to extend the time to file certificates of merit pursuant to Pennsylvania Rule of Civil Procedure 1042.3(d). (ECF No. 14.) Plaintiff requested the deadline to file the certificates of merit be extended to July 13, 2012. (Id. at 6.) Rule 1042.3(d) provides:

> The court, upon good cause shown, shall extend the time for filing a certificate of merit for a period not to exceed sixty days. A motion to extend the time for filing a certificate of merit must be filed by the thirtieth day after the filing of a notice of intention to enter judgment of non pros on a professional liability claim under

> Rule 1042.6(a) or on or before the expiration of the extended time where a court has granted a motion to extend the time to file a certificate of merit, whichever is greater. The filing of a motion to extend tolls the time period within which a certificate of merit must be filed until the court rules upon the motion.

PA. R. CIV. P. 1042.3(d). On May 31, 2012, the court granted the motion for extension of time to file certificates of merit and ordered plaintiff to file the certificates of merit on or before July 13, 2012. (ECF No. 21.)

On July 14, 2012, Klein, upon plaintiff's failure to file certificates of merit on July 13, 2012, filed a motion to dismiss for a failure to state a claim, and a motion for judgment of non pros. (ECF Nos. 28, 30.) On the same day, NovaCare filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 32.) On July 16, 2012, plaintiff filed a motion to extend the time to file certificates of merit pursuant to Pennsylvania Rule of Civil Procedure 1042.3(d). (ECF No. 34.) On July 17, 2012, the court granted plaintiff's motion to extend the time for filing the certificates of merit, extended the deadline for plaintiff to file the certificates of merit to September 16, 2012, and denied without prejudice Klein's motion for judgment of non pros and Klein's and NovaCare's motions to dismiss. (ECF Nos. 28, 30, 32, 34.) On July 18, 2012, the court granted Cigna's and Lina's motions to dismiss, and Cigna and Lina were dismissed as defendants in this case. (ECF Nos. 4, 5.)

On July 19, 2012, Klein and NovaCare filed motions for reconsideration, requesting the court reconsider its order dated July 17, 2012, granting plaintiff's motion for extension of time to file certificates of merit and denying their motions to dismiss and the motion for judgment of non pros. (ECF Nos. 35, 37.) On September 13, 2012, plaintiff filed a certificate of merit with respect to Klein, (ECF No. 42), and a certificate of merit with respect to NovaCare. (ECF No. 43.) On September 19, 2012, Klein filed a motion to strike the certificate of merit. (ECF No. 44.) On September 24, 2012, the court held a hearing to address Klein's motion to strike the certificate of

merit. The court at the hearing agreed with Klein and NovaCare that the case should have been dismissed when plaintiff failed to timely file her certificates of merit, but postponed ruling on defendants' motions for reconsideration of the July 17, 2012, order until the parties had the opportunity to submit supplemental briefing to address whether the reasons plaintiff's counsel failed to timely file certificates of merit constituted excusable neglect under Federal Rule of Civil Procedure 60(b). (H.T. 9/24/12 (ECF No. 50) at 4-5.)

On October 26, 2012, plaintiff filed a supplemental brief addressing the application of Rule 60(b) to this case. (ECF No. 45.) On November 26, 2012, NovaCare and Klein each filed a response to plaintiff's supplemental brief. (ECF Nos. 46, 47.) On December 10, 2012, plaintiff filed a reply brief in support of her supplemental brief. (ECF No. 48.) Plaintiff's counsel attached to the reply brief a declaration by James Cooney ("Cooney"), who is one of the attorneys representing plaintiff in this case. (ECF No. 48-1.)

On December 11, 2012, the court heard oral argument from the parties with respect to Klein's and NovaCare's motions for reconsideration and the supplemental briefs submitted by the parties. (H.T. 12/11/12 (ECF No. 66).) On February 28, 2013, the court issued an order granting defendants' motions for reconsideration, vacating the July 17, 2012 order granting the motion for an extension of time to file certificates of merit, granting defendants' motions to dismiss, and dismissing the complaint for the reasons set forth on the record at the hearings held on December 11, 2012, and September 24, 2012. (ECF No. 49.) The court at the September 24, 2012 hearing explained:

> Here, the Court upon reconsideration would find that the initial motion for extension was not timely and that under the applicable standards, what the Court has to do is to dismiss without prejudice the claim. And under the Pennsylvania Civil Rules of Procedure, what has happened is when there's been a failure to file the certificate of merit, which would entitle the defendant to a judgment of non pros against the plaintiff, then the plaintiff's relief is to come back and request to

> open the judgment under Rule 3051. And there's no equivalent of that -- this Court, I should say, is not bound to follow that procedure rule in Pennsylvania, which is Rule 3051, but we have an analogous rule in the federal system, which is Rule 60(b), which allows you to come in and seek relief from a judgment. I think that is really where the issue has to lie.

(H.T. 9/24/12 (ECF No. 50) at 4.) The court in the order dated February 28, 2013, noted that plaintiff was not barred from seeking relief from the judgment dismissing the complaint, pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 49.)

On January 24, 2014, plaintiff filed a motion for relief from judgment pursuant to Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6). (ECF No. 51.) On February 28, 2014, Klein and NovaCare filed responses to plaintiff's motion for relief from judgment. (ECF Nos. 57, 58.) On April 15, 2014, plaintiff filed a reply to each defendant's response in opposition. (ECF Nos. 64, 65.)

On July 28, 2014, the court after review of the parties' submissions with respect to plaintiff's Rule 60(b) motion issued an order providing the following:

> Defendant Klein requested that discovery be permitted if this court were inclined to grant plaintiff's motion for relief from judgment under Rule 60(b). The court determines that a supplemental affidavit may be sufficient to resolve issues of timing and hereby orders that on or before 8/7/14 counsel for plaintiff shall file a second supplemental affidavit in support of plaintiff's Rule 60(b) motion addressing the timeframe of paragraphs 7, 9, and 12 of the first supplemental affidavit submitted with respect to plaintiff's rule 60(b) motion. Specifically, plaintiff should address: (1) the date and frequency that Attorney Cooney attempted to contact Mr. Monsour to obtain an affidavit in support of the rule 60(b) motion (paragraph 7); (2) the date Attorney Cooney was advised that Mr. Monsour was in the hospital for an extended period of time for cancer treatments (paragraph 9); and (3) the date Attorney Cooney was advised that Mr. Monsour was receiving chemotherapy for his cancer (paragraph 12).

On August 7, 2014, plaintiff filed a second supplemental declaration by Cooney and three attachments. (ECF No. 67.) On August 8, 2014, Klein and Novacare filed a joint motion for leave to file a responsive affidavit. (ECF No. 68.) On August 13, 2014, the court granted the joint

motion for leave and instructed Klein and Novacare to file a responsive affidavit on or before September 7, 2014. On September 5, 2014, Klein and Novacare filed a joint motion for extension of time to file a responsive affidavit. (ECF No. 69.) The court granted Novacare's and Klein's motion for extension of time to file a responsive affidavit. On September 8, 2014, Novacare and Klein filed individual supplemental responses in opposition to plaintiff's motion for relief from judgment pursuant to Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6). (ECF No. 70 and 71 respectively.) Defendants' filings contained an affidavit signed by Robert D. Monsour ("Monsour") in response to the sworn declarations submitted by Cooney on December 10, 2012, and August 7, 2014. (Id.) On September 17, 2014, Johnson filed a reply to defendants' supplemental responses. (ECF No. 73.)

Plaintiff's motion for relief from judgment having been fully briefed is now ripe to be decided by the court.

### III. Factual Background

Plaintiff argues she is entitled to relief from judgment because Cooney's reason for not timely filing the certificates of merit constitutes excusable neglect or an extraordinary circumstance, which are both grounds entitling her to relief under Rule 60(b). (ECF Nos. 51, 52.) Cooney's declaration attached to plaintiff's supplemental reply brief filed on December 10, 2012 provides, in pertinent part:

> 3. I am employed by the Lampl Law Office which represents the Plaintiff, Judith Johnson in the within case.
>
> 4. Although Robert O Lampl is listed as lead counsel for the Plaintiff, up until early July of 2012, our former paralegal, Robert D. Monsour handled the majority of the pleadings and other paperwork in this case, subject to review by Mr. Lampl.
>
> 5. Mr. Monsour comes from a family of doctors, including his father, uncles and brothers. Mr. Monsour is also familiar with several other physicians within the

> local medical community. Accordingly, Mr. Monsour agreed to procure the necessary Certificates of Merits needed to support the Plaintiff's claims against Defendants, Novacare Rehabilitation and Milton Klein, D.O.
>
> 6. In early July of 2012, Mr. Monsour abruptly left the Lampl Law Office to accept alternate employment. At that point, it was determined that current counsel for the Plaintiff, James R. Cooney, would take over responsibility for the case. Prior to that time, Mr. Cooney had no involvement in the case.
>
> 7. Before he left, Mr. Monsour met with Mr. Cooney to discuss the case. Among other things, Mr. Monsour advised Mr. Cooney that he had not secured the Certificates of Merit, and that a Motion to Extend the Time for Filing the Certificates of Merit would be necessary. Mr. Monsour further advised that such Motion was due to be filed with this Honorable Court on July 16, 2012, and based upon the same, Mr. Cooney marked his calendar for the due date.
>
> 8. The Plaintiff's Motion to Extend the Time for Filing the Certificates of Merit was duly filed on July 16, 2012. However, Mr. Cooney later learned that the actual deadline was July 13, 2012 (a Friday), and that the filing was one (1) business day late.
>
> 9. There was no intention to delay the filing beyond the due date, but rather, the delay was caused either by inadvertence and/or a miscommunication between Mr. Cooney and Mr. Monsour.

(ECF No. 48-1 ¶¶ 3-9.) Pursuant to the court's order dated May 31, 2012, the certificates of merit were due on or before July 13, 2012. (ECF No. 21.) Accordingly, a motion for extension of time to file the certificate of merit was due the same day. PA. R. CIV. P. 1042.3(d).

At the hearing on December 11, 2012, the court determined that Cooney's declaration was inconsistent with the record before the court. (H.T. 12/11/12 (ECF No. 66) at 15.) Cooney in the declaration asserts that he had no involvement in this case prior to early July 2012. (ECF No. 48-1 ¶ 6.) As defendants pointed out during the hearing on December 11, 2012, however, the court's docket indicates that on May 14, 2012, Cooney filed the first motion for extension of time to file certificates of merit. (ECF No. 14.) Additionally, Cooney's name was listed on the complaint removed from state court dated March 16, 2012, (ECF No. 1-2 at 42), and on June 22, 2012, he signed and filed the parties' stipulation selecting alternative dispute resolution, (ECF

No. 22), and signed the parties' Federal Rule of Civil Procedure 26(f) report. (ECF No. 24.)

The court noted at the hearing on December 11, 2012, that the inaccuracies contained in Cooney's declaration substantiated a lack of diligence. (H.T. 12/11/12 (ECF No. 66) at 17.) The court noted Cooney should file an accurate affidavit and that it would be better if he obtained an affidavit from Monsour confirming the circumstances of Monsour's departure and the miscommunication with respect to the deadline to file the certificates of merit or a motion to extend the deadline to file the certificates of merit. (H.T. 12/11/12 (ECF No. 66) at 21.) Despite these instructions, on January 24, 2014, Cooney attached the same declaration dated December 10, 2012, to the motion for relief from judgment. (ECF Nos. 52, 52-1.)

On April 15, 2014, after defendants filed their responsive briefing in which they argued Cooney failed to provide an affidavit from Monsour corroborating Cooney's declaration in accordance with the court's direction, Cooney filed a second declaration attached to plaintiff's reply brief in support of the motion for relief from judgment. (ECF No. 64-1.) Cooney's second declaration—which corrects Cooney's first inaccurate affidavit concerning his level of involvement in this case—provides, in pertinent part:

> 6. On January 24, 2014, the Plaintiff filed a Motion for Relief from Judgment Pursuant to Fed.R.Civ.P. 60 (b).
>
> 7. In preparation for filing the Motion, Mr. Cooney attempted to contact Mr. Monsour on several occasions, to obtain an Affidavit in support of the Rule 60 (b) Motion.
>
> 8. Unfortunately, Mr. Cooney was unable to reach Mr. Monsour, and Mr. Monsour did not return Mr. Cooney's phone calls.. [sic]
>
> 9. Mr. Cooney was later advised by a mutual friend that Mr. Monsour was in the hospital for an extended period of time for cancer treatments, as well as for an operation which was apparently unsuccessful.
>
> 10. Mr. Cooney again attempted to contact Mr. Monsour as late as last week, not only in connection with the sought-after Affidavit, but also to express sympathy

for his medical condition.

11. Unfortunately, Mr. Cooney's attempts to reach Mr. Monsour were again unsuccessful.

12. Mr. Cooney has since been advised by our mutual friend that Mr. Monsour is in Houston, Texas, and that he is receiving chemotherapy for his cancer. It is not known how long Mr. Monsour will remain in Texas.

13. As a result, Mr. Cooney has been unable to obtain an Affidavit from Mr. Monsour in support of the Plaintiff's Rule 60 (b) Motion.

(ECF No. 64-1 ¶¶ 6-13.)

Cooney's third affidavit submitted in response to the court's order dated July 28, 2014, provides, in pertinent part:

4. In preparation for filing the Motion, I attempted to contact Robert D. Monsour, a former paralegal at our firm, on several occasions, to obtain an Affidavit in support of the Rule 60 (b) Motion.

5. I first attempted to contact Mr. Monsour shortly after receipt of this Honorable Court's Order entered on February 28, 2013, granting the Defendants' Motions to Dismiss. This was in early March of 2013. Early on (in March and April), I attempted to call Mr. Monsour 2 to 3 times per week, only to get his answering machine. Thereafter, I attempted to call Mr. Monsour 2 to 3 times per month until I learned that he was in the hospital.

6. I also wrote letters to Mr. Monsour regarding the requested Affidavit. True and correct copies of my letters to Mr. Monsour are attached hereto as Exhibits "A," "B" and "C."

7. Unfortunately, Mr. Monsour neither responded to my letters nor returned any of my many calls.

8. Mr. Monsour left our office on less than good terms and I believe that his refusal to cooperate with me was based upon animosity that he holds toward this office.

9. In late December of 2013 or early January of 2014, I was advised by a mutual friend that Mr. Monsour was in the hospital for an extended period of time for cancer treatments, as well as for an operation which was apparently unsuccessful.

10. I again attempted to contact Mr. Monsour in early April of 2014, but my attempts to reach him were again unsuccessful.

> 11. On or about April 10, 2014, I was advised by a client (who remains friendly with Mr. Monsour) that Mr. Monsour is in Houston, Texas, and that he is receiving chemotherapy for his cancer. It is not known how long Mr. Monsour will remain in Texas, but I have been advised that he is still there.

(ECF No. 67 ¶¶ 4-11.)

Klein's and Novacare's joint motion for leave to file a responsive affidavit provides, in pertinent part:

> 6. On August 7, 2014, Attorney Cooney filed another affidavit, stating he called Mr. Monsour multiple times, with no answer or response. The Affidavit also states Attorney Cooney sent correspondence to Mr. Monsour, copies of which were attached to the affidavit. Doc. 67.
>
> 7. After receipt of the Affidavit filed on August 7, 2014, counsel for Defendant Novacare contacted Mr. Monsour directly. There had been no prior contact between defense counsel and Mr. Monsour since prior to his departure from plaintiff's counsel's law firm.
>
> 8. Following the discussion with Mr. Monsour, Defense counsel has reason to believe Mr. Monsour strongly disputes many key items in Mr. Cooney's various Affidavits. Defendants therefore request the opportunity to have Mr. Monsour prepare an Affidavit outlining his understanding of the circumstances surrounding the missed deadline, and events prior and subsequent thereto.
>
> 9. As the individual alleged to be directly responsible for the missed deadline, Mr. Monsour's version of events is critical for the Court's decision on whether there has been excusable neglect.

(ECF No. 68 ¶¶ 6-9.)

Monsour's responsive affidavit submitted by Klein and Novacare provides, in pertinent part:

> 2. From October, 2005 through June, 2012 Affiant served as a legal assistant to Robert O Lampl, wherein Affiant rendered legal services primarily concentrating on Plaintiff cases and/or claims brought in both the County, State and/or District Courts.
>
> 17. [I]n May and Early June 2012 Affiant determined that it would not be possible for him to continue to render services in Mr. Lampl's offices ... .

10

18. Affiant [] commenced his new work duties on June 29, 2012.

21. Affiant [] attempted to continue to render transitional services on behalf of those persons and/or entities with whose matters he had been entrusted, but was unable to do so when Mr. Lampl cut off his access to the Lamplaw computer server, thereby depriving Affiant of access to all records, files, notes, email, drafts, documents, and pleadings.

28. On Wednesday, July 11, 2012, Affiant received an email regarding the Johnson case, directed by Mr. Cooney to Mr. Lampl and others, attaching drafts Mr. Cooney had prepared of a "Motion to extend deadlines to file answer to motions to dismiss"; an "Answer to Motion to Dismiss, etc."; and an "Order of Court", and stating that "these must be filed by 10:00 AM tomorrow."

29. "Tomorrow" was Thursday, July 12, 2012.

31. In response, Affiant replied to Mssrs. Lampl and Cooney as follows: "A motion to Extend Deadline to File Certificate of Merit is needed too, I think a day later." (emphasis added). A true and correct copy of the foregoing email exchange is attached hereto as Exhibit 3.

32. "A day later" was Friday, July 13, 2012.

35. Given his ongoing inability to access the [company] server, Affiant had no further involvement with any of the cases with which Affiant was involved, with the exception of one unrelated matter in which a personal friend, Dennis Porta, insisted upon Affiant's involvement in order to see that the matter was timely and properly handled.

36. This is the "mutual friend" of which Mr. Cooney makes reference in his Sworn Declaration dated April 15, 2014 and August 7, 2014.

47. Mr. Porta telephoned Affiant on several occasions during his medical ordeal to commiserate with him and offer him emotional support and encouragement, as well as to discuss the progress, or lack thereof, on his pending legal matter.

48. On one such occasion, Mr. Porta mentioned that he had a meeting with Mr. Cooney, during which he informed Mr. Cooney (in general terms) of Affiant's medical condition and history.

49. Mr. Porta informed Affiant that Mr. Cooney had expressed his sympathy, and asked whether or not Affiant would accept a telephone call from him, to which Mr. Porta had responded that he did not think there was any animosity on Affiant's part towards Mr. Cooney.

50. Within a day or two of his discussion with Mr. Porta, Affiant retrieved his telephone messages, including one from Mr. Cooney expressing his condolences for Affiant's medical condition and asking Affiant to call him if he "ever felt like talking."

51. Contrary to the representation of Mr. Cooney's Sworn Declaration of April 15, 2014 and August 7, 2014, during this first and only telephone contact from Mr. Cooney, no mention was made of the Johnson case, or any other matter, and no request for a call regarding the Johnson case was ever made.

54. On or about the first week of August, 2014. Affiant, while on one of his trips to Texas, received a telephone message from Attorney David Chmiel, which call was promptly returned.

55. Mr. Chmiel informed Affiant of the developments of the Johnson case following Affiant's departure [from Lampl Law Office], including the details of the instant dispute.

56. Prior to Mr. Chmiel's email, Affiant had no knowledge whatsoever of any dispute regarding the Johnson case or his purported role in said dispute, either from Mr. Cooney, Mr. Lampl or anyone else.

63. Affiant has no recollection of receiving any calls or messages from Mr. Cooney, other than the one message referenced above, and believes the averment of Mr. Cooney's "many" attempts to contact Affiant is false.

64. Further, Mr. Cooney would have no need to reply upon unsuccessful telephone calls or messages if indeed he was attempting to communicate on a matter of import with Affiant, as Mr. Cooney has Affiant's personal email address. Affiant provided several documents he prepared to Mr. Cooney by email for his review and use in the Porta matter. Any attempt to contact Affiant for any purpose could be easily and conclusively established by a simple email communication and print out.

65. … Affiant provided documents on the Porta matter to Mssrs. Lampl and Cooney by emails dated July 14, 2013 and September 30, 2013, after the times Mr. Cooney [] complained of his not being able to contact Affiant. Further, Affiant received email from Mr. Cooney on February 7, 2014 and February 13, 2014, within weeks of his averment of being unable to contact Affiant. None of said emails makes any reference to any attempt to contact Affiant. A true and correct copy of emails evidencing the foregoing is attached hereto collectively as Exhibit 4.

67. Affiant has never received any [] letters from Mr. Cooney, and the purported use of letters to establish contact is inexplicable given the ready access to [] email

communications and the pattern and practice of Affiant, Mr. Lampl and Mr. Cooney's virtually exclusive use of that medium to communicate.

71. Affiant believes, and therefore avers, that neither Mr. Cooney nor anyone else at the Lampl office made any effort to communicate with Affiant, by any means, any need for Affiant's cooperation in preparing an Affidavit for use in the Johnson case … .

(ECF No. 70-1 ¶¶ 2-71.)

On September 17, 2014, plaintiff filed a reply to defendants' supplemental responses in which counsel noted, that although they generally disagreed with many of the statements set forth in Monsour's affidavit, they "[did] not wish to become involved in a credibility contest with [] Monsour" and failed to contradict any statements proffered in Monsour's affidavit. (ECF No. 73 at 1.)

## IV. Discussion

Plaintiff filed her motion for relief from judgment pursuant to Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6), arguing that she is entitled to relief from the court's judgment dismissing her complaint because "excusable neglect" or "extraordinary circumstances" exist with respect to Cooney's delay in filing a motion to extend the time for filing certificates of merit. (ECF No. 52.) Defendants argue that relief should not be granted because: (1) Cooney did not timely file the Rule 60(b) motion; (2) Cooney did not show his failure to timely file certificates of merit constitutes excusable neglect; (3) and there is no basis to open the judgment under Federal Rule of Civil Procedure 60(b)(6). (ECF Nos. 57, 58.)

### A. Timeliness of Plaintiff's Motion with respect to Rule 60(b)(1)

Federal Rule of Civil Procedure 60(b)(1) provides, in pertinent part, that "a court may relieve a party . . . from a final judgment, order or proceeding for . . . excusable neglect." FED. R. CIV. P. 60(b)(1). Rule 60(b), however, is limited by two time constraints:

> Motions under clauses (1), (2), or (3), attacking a judgment on grounds of . . . excusable neglect . . . must be made within a reasonable time but they also must be made "no more than a year after the entry of judgment or order, or the date of the proceeding." **The one-year period represents an extreme limit, and the motion may be rejected as untimely if not made within a 'reasonable time' even though the one-year period has not expired.**

11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2866 (3d ed. 1998) (quoting FED. R. CIV. P. 60(c)(1)) (emphasis added). Time constraints are strictly enforced to prevent prejudice and protect defendants against the loss of evidence for trial, fading memories, and witnesses becoming unreachable or unavailable for trial. Chakowski v. United States, Civ. Action No. 90-3611, 1993 WL 465386, at *3 (E.D. Pa., Nov. 12, 1993).

The Third Circuit Court of Appeals in In re Diet Drugs Product Liability Litigation, 383 F. App'x 242 (3d Cir. 2010), explained that what constitutes a reasonable amount of time under Rule 60(b)(1) depends upon the specific circumstances of a given case, and a court in deciding a Rule 60(b)(1) motion may consider various factors, "including finality, the reason for delay, the practical ability for the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties." In re Diet Drugs, 383 F. App'x at 246. The court emphasized that a delay in filing a Rule 60(b)(1) motion must be adequately explained by the party filing the motion, and held:

> Petitioners filed their Rule 60(b) motion exactly one year after PTO 7763A was entered; therefore, their motion was not untimely per se under clauses (1), (2), and (3) . . . Petitioners did not offer any explanation for the one-year delay in their motion to the District Court, and we will not review the four explanations they have offered for the first time on appeal . . . The District Court considered the principles of finality, noted that the claimants did not explain their delay and it could not intuit one, and noted the extreme prejudice that granting the Rule 60(b) motion would have on the ninety law firms who have already received their fee awards.

Id. at 246-47. A motion that has been filed within a year of judgment being entered in a case is not necessarily timely; rather, if the filing party significantly delays in filing a motion, and does

so without providing an acceptable, justified reason for the delay, the motion may be denied on account of its untimeliness. Id.; see Lieber v. Marcus, Civ. Action No. 12-6549, 2014 WL 268654, at *2-3 (D. N.J. Jan. 23, 2014) (holding that "a movant's failure to explain his delay in filing a Rule 60(b) motion is probative of whether he filed his motion within a reasonable time" and "[a]bsent sufficient justification for Plaintiffs' delay in filing this motion, the Court declines to disturb the finality of its judgment") (citing Sorbo v. United Parcel Serv., 432 F.3d 1169, 1178 (10th Cir. 2005) (holding Rule 60(b) motion was untimely, noting: "Indeed, we have reviewed plaintiff's Rule 60 motion, as well as the amended motion he later proffered, and neither endeavors to offer any justification for the delay.")).

Under the factors provided by In re Diet Drugs to analyze the timeliness of a Rule 60(b)(1) motion, i.e., finality, the reason for delay, the practical ability for the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties, plaintiff's counsel's ten-month and twenty-seven day delay in filing the Rule 60 motion renders untimely the motion with respect to Rule 60(b)(1). With respect to the first factor, "'federal courts have a strong interest in finality of judgments.'" Van Tassel v. Piccione, Civ. Action No. 13-1672, 2014 WL 3401680, at *1 (W.D. Pa. July 10, 2014) (quoting Jacobs v. Bayha, Civ. Action No. 07-237, 2011 WL 1044638, at *2 (W.D. Pa. Mar. 18, 2011)). See Kock v. Government of Virgin Islands, 811 F.2d 240, 246 (3d Cir. 1987) (the Court of Appeals for the Third Circuit has stated "finality of judgments is a sound principle that should not lightly be cast aside.") (cited by Adams v. Cnty. of Erie, Civ. Action No. 2012 WL 4483429, at *7 (W.D. Pa. Sept. 27, 2012)).

With respect to the second factor, Cooney did not provide the court a credible reason for the ten-month and twenty-seven day delay in filing the Rule 60(b) motion. See Hailey v. City of Camden, 631 F.Supp.2d 528, 552–53 (D.N.J. 2009) (holding Rule 60(b) motion was untimely,

noting: "In this case, there is no proffered reason for the delay and most certainly the litigant should have known of the grounds long ago."). Cooney did not provide any new or additional information that was not available to him at the December 11, 2012 hearing. Cooney only provided the additional information with respect to Monsour's health condition after defendants argued Cooney failed to provide a declaration from Monsour that corroborated Cooney's first declaration. The explanations provided by Cooney concerning Monsour's unavailability and the "miscommunication" are not creditable in light of Monsour's affidavit.

Monsour states, within his affidavit, that there was no attempt by plaintiff's counsel to obtain an affidavit from him. (ECF No. 70-1.) Plaintiff did not contradict any of Monsour's statements proffered in his affidavit. See (ECF No. 73 at 1.) ("Counsel for the Plaintiff disagrees with many of the statements set forth in Mr. Monsour's Counter-Affidavit. However, Counsel does not wish to become involved in a credibility contest with Mr. Monsour, particularly in light of Mr. Monsour's failing health as well as his expressed wishes to have no further involvement in this case.")[1] Monsour's affidavit demonstrated that no efforts were made by plaintiff's counsel to obtain an affidavit from him to corroborate Cooney's reason for not timely filing a motion to extend the time to file a certificate of merit and there was no basis for any claimed "miscommunication." There is no credible reason provided by plaintiff's counsel to support Cooney's statement that there was an inadvertent error or miscommunication between Cooney and Monsour. (ECF No. 48-1 ¶¶ 3-9.) Additionally, plaintiff's focus on the alleged actions of Monsour failed to address the ten-month and twenty-seven day delay in filing the Rule 60(b) motion. See Lieber v. Marcus, No. 12-6549 JLL, 2014 WL 268654, at *2 (D. N.J. Jan. 23, 2014) (deciding that the plaintiff's decision to wait almost a year until filing their Rule 60(b) motion

---

[1] It should be noted that the court cannot discern from Monsour's affidavit that he is unable or unwilling to participate in the instant action.

was not explained by their argument on "why they did not formally motion for reconsideration of and/or appeal the Court's grant of summary judgment in favor of Defendants.").

This court discussed plaintiff's right to seek relief from judgment pursuant to Rule 60(b) well in advance of her filing. At the September 24, 2012, hearing the court directly addressed Rule 60(b) with the parties. (H.T. 9/24/12 (ECF No. 50) at 4.) Additionally, the order issued by this court on February 28, 2013, stated "[t]his order, however, is not a bar to plaintiff seeking relief from this judgment under Federal Rule of Civil Procedure 60(b)." Johnson was advised and aware of her relief under Rule 60(b) well before she filed her motion. Her decision to delay the filing is not based on credible reasons. See United States v. Richlyn Laboratories, Inc., 365 F.Supp. 805, 808 (E.D. Pa. 1973) (finding that Government's Rule 60(b) motion was not made within a reasonable time where government delayed over seven months after being advised by court to file a motion). Under those circumstances, the Rule 60(b)(1) motion was not filed within a reasonable time.

With respect to the potential prejudice to defendants, this case is more than two years old, which has the potential to present problems for all parties with respect to the loss of evidence for trial, fading memories, and witnesses becoming unreachable or unavailable for trial. Chakowski, 1993 WL 465386, at *3.

In this case, the court's strong interest in finality of judgments, which should not lightly be cast aside, plaintiff's ten-month and twenty-seven day delay, plaintiff's failure to provide creditable reasons for the delay, i.e., why evidence was unavailable causing the delay, and the age of this case, renders untimely plaintiff's filing of the motion for relief for judgment under Rule 60(b). Plaintiff's motion with respect to relief under Rule 60(b)(1) will, therefore, be denied as untimely filed.

### B. Whether Plaintiff is Entitled to Relief Under Rule 60(b)(6)

The Court of Appeals for the Third Circuit has held:

> What constitutes a "reasonable time" also depends on which Rule 60(b) clause a claimant is trying to avail. We have noted that relief under Rule 60(b)(6) is extraordinary because it can be given for "any other reason justifying relief" and is not subject to an explicit time limit. Coltec Indus. Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002). Therefore, a claimant must establish exceptional circumstances justifying the delay for filing under Rule 60(b)(6).

In re Diet Drugs, 383 F. App'x at 246. Although plaintiff's motion for relief from judgment is untimely with respect to Rule 60(b)(1) because it was not filed within a reasonable time, there is no deadline on plaintiff's ability to file a motion for relief from judgment under Rule 60(b)(6). The court will, therefore, consider the merits of plaintiff's motion for relief from judgment as it pertains to Rule 60(b)(6).

Federal Rule of Civil Procedure 60(b)(6) allows recovery "for any reason that justifies relief." FED. R. CIV. P. 60(b)(6). In Gonzalez v. Crosby, 545 U.S. 524 (2005), the Supreme Court of the United States held: "our cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment." Gonzalez, 545 U.S. at 535. The Supreme Court in Gonzalez explained that relief under Rule 60(b)(6) is warranted only when there is a reason justifying relief from the judgment that is not set forth in Rule 60(b)(1)-(5). Id. at 528-29. "Rule 60(b)(6) is not intended as a means by which the time limitations of 60(b)(1–3) may be circumvented." Box v. Petsock, No. 3:86-CV-1704, 2014 WL 4093248, at *5 (M.D. Pa. Aug. 18, 2014). see United States v. Richlyn Laboratories, Inc., 365 F.Supp. 805, 808 (3d Cir. 1973) (holding that 60(b)(6) "may not be used as a catchall to avoid the one-year limitation where 60(b)(1) applies."). In Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993), the Supreme Court elaborated on the sort of circumstances that would constitute "any reason that justifies relief" under Rule

60(b)(6), explaining:

> In Klapprott, for example, the petitioner had been effectively prevented from making a timely appeal of a judgment by incarceration, ill health, and other factors beyond his reasonable control. Four years after a default judgment had been entered against him, he sought to reopen the matter under Rule 60(b) and was permitted to do so.

Pioneer Investment, 507 U.S. at 393 (citing Klapprott v. United States, 335 U.S. 601, 613-614 (1949)). As demonstrated in Klapprott, a party may be entitled to relief under Rule 60(b)(6) if the party can point to circumstances that arose that were beyond the party's reasonable control, such as poor health.

Plaintiff argues she is entitled to relief under Rule 60(b)(6), because she "has valid and meritorious claims which would be dismissed due to a procedural error which caused a one (1) business day delay in the filing of the Motion to Extent Time to File Certificate of Merit." (ECF No. 52 at 8.) Here, no creditable reason was presented by plaintiff to account for her delay. Although Monsour was, and is, in poor health, Monsour's affidavit demonstrated no efforts were made by plaintiff to obtain an affidavit from him to corroborate Cooney's reason for not filing a motion to extend the time to file a certificate of merit and that there was no misunderstanding or inadvertent error concerning the date the motion to extend had to be filed. Without a creditable explanation of her delay in filing her motion, plaintiff's argument fails to present a reason that justifies relief under Rule 60(b)(6).

In Pioneer, the Court held "that clients must be held accountable for the acts and omissions of their attorneys." Pioneer, 07 U.S. at 396. Under those circumstances, plaintiff will be held accountable for her counsels' failure to timely file certificates of merit or a motion to extend the deadline to file the certificates of merit, and did not meet her burden to show extraordinary circumstances exist warranting relief from the court's judgment dismissing the

complaint under Rule 60(b)(6).

## V. Conclusion

For the reasons set forth herein, plaintiff's motion for relief from judgment pursuant to Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6) (ECF No. 51) will be DENIED. An appropriate order will be entered.

By the Court,

**Dated**: September 23, 2014

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Court